IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES L. HEGNA,

                 Plaintiff,                            ORDER

      v.

                                       12-cv-184-bbc

EDWARD F. WALL, *et al.*,

                 Defendants.

---

Charles Hegna, now represented by counsel, is proceeding in this civil lawsuit alleging deliberate indifference and medical negligence claims against Wisconsin Department of Corrections officials.[1]  Now before the court is a series of motions: defendants have filed a motion to strike plaintiff's expert witnesses, namely Jill Migon, DPM, Robert L. Holstein, M.D., Jim Bruton, Les Goldsmith, Ph.D., and Benjamin Gulli, M.D.  In response, plaintiff has filed a motion asking the court to extend the dispositive motions deadline, allow him to supplement the expert reports for Bruton and Migon and extend the deadline to respond to defendants' current motion.  Plaintiff also states that he will not call Goldsmith, Gulli or Holstein as expert witnesses, so I will deny defendants' motion to strike them as moot.

Defendants did not oppose plaintiff's requests but requested that they be permitted to supplement their expert disclosures as necessary to respond to plaintiff's revised disclosures, be given leave to refile their motion to exclude Bruton and Migon should they determine that plaintiff's revised disclosures are inadequate and be allowed to re-depose Migon if need be

---

[1] Pursuant to the court's March 1, 2013 pretrial conference order, plaintiff submitted an amended complaint adding several defendants.  This amended complaint, dkt. 33, is the operative pleading in the case.

(plaintiff has already agreed to make Bruton available for deposition).  Finally, defendants ask for an extension of the summary judgment deadline.

Because the parties have agreed on how to proceed with supplemental disclosures (and plaintiff has now supplemented his expert disclosures and defendants have provided a response), I will grant both parties' motions to provide those supplements.  As detailed further below, I will partially grant defendants' motion to strike Bruton's testimony but deny their motion as to Migon.  I will grant defendants' motion to re-depose Migon.  Finally, I am setting a new dispositive motions deadline.

## I. Motion to Strike Plaintiff's Experts

### A. Jim Bruton

In their initial motion to strike, defendants argued that plaintiff failed to provide a list of exhibits that will be used to summarize or support Jim Bruton's opinions.  In particular, defendants stated that although Bruton's report notes he authored a book regarding corrections, it does not provide a list of all publications he authored in the previous 10 years, does not include a list of all other cases in which, during the previous 4 years, he testified as an expert at trial or by deposition and does not include a statement of the compensation to be paid for the study and testimony in the case, as required by Fed. R. Civ. P. 26(a)(2)(B).  Further, defendants argued that Bruton must be stricken as an expert witness under Fed. R. Evid. 702 because he sets forth expert testimony in a field in which he is not qualified.

Bruton's amended disclosure appears to fix the Rule 26(a)(2)(B) issues, but the more information he provides, the clearer it becomes that he is not qualified to opine about medical

2

issues.  Bruton's CV shows that he has over 34 years of experience in the correctional setting, ranging from parole officer to warden to deputy commissioner.  However, nothing in Bruton's materials indicates that he is a medical professional.  Even so, Bruton offer a range of opinions about the standard of medical care provided by defendants in this case.  Plaintiff implicitly concedes that Bruton is not a medical expert because plaintiff argues that Bruton is not actually offering opinions about medical issues, but rather about "the complete failure and refusal of correctional facility staff to provide medical care—much of which was recommended by medical staff but then delayed on multiple occasions or not provided whatsoever."  This is a distinction without a difference; Bruton is opining that defendants' acts and omissions violated the standard of care plaintiff to which plaintiff was entitled and therefore constituted deliberate indifference to plaintiff's serious medical needs.  These opinions rely on Bruton's estimation of how defendants' actions conformed (and failed to conform) to what Bruton deems to be the appropriate medical standards of care.  But Bruton's career in corrections does not qualify him to offer opinions about plaintiff's medical care.  Accordingly, I will grant defendants' motion to strike Bruton's testimony about the medical care that prison staff provided plaintiff.

However, Bruton also providing expert testimony about the role that high-level DOC officials have in exercising authority over the medical unit.  Plaintiff has brought claims against high-level non-medical prison officials, including Warden Judy Smith and Secretary Edward Wall.  Defendants' argument that Bruton is not qualified to opine about medical issues falls short when it comes to plaintiff's claims against non-medical personnel.  To the extent that these non-medical personnel may be personally involved in violating plaintiff's rights, Bruton is qualified to present expert testimony on the roles that these officials played or should have

played in the process.  Accordingly, I will deny defendants' motion to strike Bruton's testimony regarding non-medical administrators.


### B. Jill Migon

Defendants also move to strike the testimony of Dr. Jill Migon, a podiatrist who performed surgery on plaintiff's foot.  Defendants first argue that Dr. Migon's expert report did not comply with Rule 26(a)(2).  A threshold question is whether Dr. Migon even needs to provide a Rule 26(a)(2)(B) in the first place.  Defendants state that, "[A] treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, but who did not make that determination in the course of providing treatment, should be deemed to be one 'retained or specially employed to provide expert testimony in the case,' and thus is required to submit an expert report in accordance with Rule 26(a)(2)." (Quoting *Meyers v. Nat'l R.R. Passenger Corp.*, 619 F.3d 729, 734-35 (7th Cir. 2010)).  Plaintiff chooses not to contest this point, stating only that the amended report complies with the rule.  Thus I will approach the issue as if Dr. Migon is required to provide a report.

Plaintiff's assertion that the Dr. Migon's amended report complies with Rule 26 appears to be true for the rule's procedural requirements, such as disclosure of witness compensation and recent cases in which the witness has testified.  However, defendants argue that Dr. Migon's report does not sufficiently explain the basis and reasons for her opinions and does not explain with any specificity the facts or data considered when forming her opinions.  This blends into part of defendants' argument that Dr. Migon is not qualified under Fed. R. Evid. 702, namely that she did not link the case facts to her opinions through acceptable methodology.  In

particular, claim defendants, Dr. Migon did not base her opinions on a review of plaintiff's medical records; rather she based her opinion on plaintiff's self-reported history.

I do not find defendants' arguments persuasive. Dr. Migon's report, while short, explains what she bases her opinions on: plaintiff's medical history and her experience as a podiatrist. Under Rule 26 and the *Daubert* line of cases, this is sufficient. Dr. Migon is a trained podiatrist (more on this below) and is qualified to give medical opinions based on her experience. *See Walker v. Soo Line R. Co.*, 208 F.3d 581, 591 (7th Cir. 2000) ("Denbrock demonstrated professional experience in the area of electrical safety, and Rule 702 specifically contemplates the admission of testimony by experts whose knowledge is based on experience."); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 153 (1999) ("[N]o one denies that an expert might draw a conclusion from a set of observations based on extensive and specialized experience."). "[I]n clinical medicine, the methodology of physical examination and self-reported medical history employed by [the treating doctor] is generally appropriate." *Cooper v. Carl A. Nelson & Co.*, 211 F.3d 1008, 1020 (7th Cir. 2000).[2] Defendants are free to argue that Dr. Migon's conclusions are unsound because plaintiff's self-reported history is inaccurate. *Walker*, 208 F.3d at 586 (7th Cir. 2000 ("In situations in which a medical expert has relied upon a patient's self-reported history and that history is found to be inaccurate, district courts usually should allow those inaccuracies in that history to be explored through cross-examination."). Moreover, there seems little doubt that Dr. Migon's testimony would assist the jury, satisfying *Daubert*.

---

[2] Defendants do point out that Dr. Migon's report does not explain that she gleaned plaintiff's medical history from his own self-reporting, as opposed to the medical records, but the failure to disclose this in the report (it was later revealed at Dr. Migon's deposition) is not prejudicial to defendants or disruptive to the proceedings and thus is harmless under Fed. R. Civ. P. 37.

Finally, defendants note that Dr. Migon is a podiatrist, not a medical doctor and there is no indication that she has ever acted in the capacity of a primary physician. They argue that although Dr. Migon is qualified to testify regarding matters that concern medical problems related to the foot, she has no training, education, nor expertise in what a medical doctor who is a generalist should do to diagnose, treat, and refer patients who have foot and toe problems. Defendants essentially are arguing that Dr. Migon is *too qualified* to speak about how a mere primary care physician should treat foot-related medical symptoms. As plaintiff points out, "Courts often find that a physician in general practice is competent to testify about problems that a medical specialist typically treats," *Gayton v. McCoy*, 593 F.3d 610, 617 (7th Cir. 2010), and I see no reason why the obverse would not also be acceptable. Tellingly, defendants do not cite to any case law or other authority suggesting that their argument is correct. Accordingly, I will deny defendants' motion to strike Dr. Migon. Additionally, I will grant defendants' motion to re-depose Dr. Migon based on her supplemental disclosures.

## II. Dispositive Motions Deadline

Defendants ask for the summary judgment deadline to be extended to 60 days from the date plaintiff filed his amended expert disclosures, which turned out to be September 12. Plaintiff asks for a November 1 deadline. The court can afford to move the deadline to November 12, 2013 and still issue a timely ruling on any such motion(s), at least by the court's standards.

ORDER

It is ORDERED that:

(1) Plaintiff's motion to supplement his expert reports and file a response to defendants' motion to strike expert witnesses, **dkt. 46**, and defendants' motion to supplement their response to plaintiff's reports, **dkt. 47**, are GRANTED.

(2) Defendants' motion to strike plaintiff's experts, **dkt. 43**, is:

(a) GRANTED with regard to Jim Bruton's testimony concerning the medical care prison staff provided plaintiff;

(b) DENIED with regard to Jill Migon as well as Jim Bruton's testimony concerning non-medical administrators; and

(c) DENIED as moot with regard to proposed experts Holstein, Goldsmith and Gulli.

(3) Defendants' motion to re-depose Migon, **dkt. 47**, is GRANTED.

(4) The parties' motions to extend the dispositive motions deadline, **dkts. 46, 47, 48**, are GRANTED.  The new dispositive motions deadline is November 12, 2013.

Entered this 15th day of October, 2013.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

7